JULIA M. JAYNE (State Bar No. 202753)
JAYNE LAW GROUP, P.C.
803 Hearst Avenue
Berkeley, CA 94710
Phone: (415) 623-3600
E-Mail: julia@jaynelawgroup.com

Attorneys for Defendant
ALIAKSANDR KLIMENKA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALIAKSANDR KLIMENKA,<br><br>Defendant. | CASE NO. CR 22-00256 SI<br><br>**NOTICE OF MOTION TO COMPEL FURTHER BILL OF PARTICULARS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:<br>Time:<br>Courtroom: Hon. Susan Illston |

**NOTICE OF MOTION**

TO THE COURT AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 31, 2025 at 11:00 a.m., or as soon thereafter as the matter may be heard before the above-entitled court, defendant Aliaksandr Klimenka, by counsel, will and hereby does respectfully move the Court for an Order compelling the government to serve a further/amended Bill of Particulars which, in fact, complies with the Court's prior Order on the subject dated November 19, 2024 on the grounds that the government's first attempt is facially insufficient.

This motion is based on the papers, pleadings, and files of this action, the attached Memorandum of Points and Authorities, and on such oral and documentary evidence as may be presented at the time of the hearing.

Dated: January 29, 2025                    Respectfully submitted,

_____/s/_____

Julia Jayne
Attorneys for ALIAKSANDR KLIMENKA

# TABLE OF AUTHORITIES

<u>Cases</u>

*United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983) .............................................................. 4

*United States v. Nacchio*, No. 05-cr-005450-EWN, 2006 WL 2475282, at *7 (D. Colo. Aug. 25, 2006) ................................................................................................................................. 2

*United States v. Short*, 1988 WL 91108 at *2 (9th Cir. 1988) ............................................................. 1

**MEMORANDUM OF POINTS AND AUTHORITIES**

Mr. Klimenka respectfully moves for an order directing the government to comply with the Court's November 19, 2024 Order Granting Motion for Bill of Particulars (ECF No. 75) and file an amended bill of particulars which satisfies the Court's prior instructions. Mr. Klimenka makes this request on the grounds that the bill of particulars filed by the government (ECF No. 84) fails to conform to this Court's prior Order. While "[t]he bill of particulars' purpose is to supplement the indictment by providing more details of facts upon which charges are based," the government simply restates the accusations in the indictment, while including generalized statements to make it appear as though more detail was included where, in fact, it was not. *See United States v. Short*, 1988 WL 91108 at *2 (9th Cir. 1988).

In its November 19, 2024 Order, this Court directed the government to provide a bill of particulars to clarify certain allegations in the indictment. *Id*. Though the government provided a bill of particulars in name, that document provided little to no additional detail regarding the relevant subject matter.

In support of its decision, the Court noted that "the allegations [in the government's indictment] are sparse regarding how Klimenka is tied to the BTC-e scheme," and that although the indictment alleges that Klimenka "controlled" BTC-e and "aided and abetted" BTC-e's operations, it "provides little additional detail." ECF No. 75 at 10. The government's bill of particulars addresses neither of these concerns. Specifically, the Court ordered that the government provide a bill of particulars with respect to:

- Whether the government alleges that Mr. Klimenka "conducted, controlled, managed, supervised, directed, or owned" all or part of an unlicensed money transmitting business, as set forth in 18 U.S.C. § 1960(a). The government should specify which of these actions it intends to prove at trial and which was presented to the grand jury.

- The specific timeframe during which Mr. Klimenka allegedly "[conducted, controlled, managed, supervised, directed or owned]" BTC-e.

ECF No. 75 at 15.

The government's bill of particulars largely restates the allegations in the indictment and does not include the type of detail necessary for a sufficient bill of particulars. *See United States v. Nacchio*, No. 05-cr-005450-EWN, 2006 WL 2475282, at *7 (D. Colo. Aug. 25, 2006) (holding that bill of particulars was insufficient where it provided a "general statement" which was "similar to that in the indictment"). Yet that is precisely what the government has done here – provided generalized statements.

In its filing, the government merely reiterates general statements regarding all but one of the action verbs from the statute and fails to specify any details as to how it intends to prove all of those at trial, suggesting it will proceed on nearly every theory. Moreover, the government does not address which of said actions was presented to the grand jury as directed by the Court.

To generalize matters further, the government responds in the bill of particulars by listing all but one of the same actions as the indictment and then noting that it may "charge in the conjunctive and prove in the disjunctive." ECF No. 84. Such a response gives the defendant no more clarity than the indictment, which triggered the Court to order a bill of particulars in the first place. It merely serves to obfuscate an appropriately specific response.

For example, in the indictment, the government alleged that Mr. Klimenka "conducted…all and [sic] part of a money transmitting business…, to wit, 'BTC-e.'" In the bill of particulars, the government states, "The defendant conducted an unlicensed money transmitting business—that is, he took part in the financial, technical, and business operation of BTC-e." ECF No. 84 at 2. This allegation provides no more detail or description but merely explains the plain meaning of the term "conducted" as it would be used in any financial case. Taking part in "financial, technical and business" operations of BTC-e covers nearly every type of conduct or activity. The government says nothing about *how* it alleges Mr. Klimenka "conducted" such operations. That he "took part" gives little insight to the defendant.

Likewise, the bill of particulars simply refers to the plain language meaning of "managed." By its own admission, the government refers to "the plain meaning" of the verb as a purported response to the Court's Order. Yet again, a dictionary definition does not address the concerns voiced by the defendant in his Motion for Bill of Particulars. ECF No. 63.

With respect to the barebones allegation in the indictment that Mr. Klimenka "supervised" an unlicensed money transmitter business, the only additional details provided in the bill of particulars is that he supervised "activities of BTC-e," including who provided "staff support" including BTC-e employees and employees of defendant's other companies. ECF No. 84 at 2. But this fails to address what "activities" Mr. Klimenka allegedly supervised. It is the very "activities" that go to the heart of the allegations and that has bene left unanswered. That Mr. Klimenka supervised people at his own companies is irrelevant.

The government's description of "directed" in the bill of particulars includes even less detail, merely explaining that Mr. Klimenka "directed activities of BTC-e" and then noting that "he exerted influence or control over BTC-e and its activities." ECF No. 84 at 2. Once again, using generic terms like "influence and control" does not rise to the level of specificity expected in a bill of particulars. Indeed, the Court itself noted that the "allegations are sparce regarding how Klimenka is tied to the BTC-e scheme." ECF No. 75 at 10. Simply defining words in its indictment does not satisfy the Court's Order.

Indeed, the Court specifically noted as an example that "the indictment states that Klimenka 'controlled' the financial company FX OPEN but then does not mention FX OPEN again." ECF No. 75 at 10. Despite this admonition, the bill of particulars fails to mention FX OPEN at all, much less give further explanation concerning its relevance or connection to the alleged acts. It likewise does nothing to remediate the lack of connection in the indictment between Mr. Klimenka and BTC-e's scheme, which this Court observed in its Order.

Last, while the Court required the government to provide a specific timeframe, the government did little more than repeat the entire timeframe noted in the indictment, which alleged that "in or around 2011, continuing through on or about July 25, 2017," the relevant acts occurred. The bill of

particulars states that "[t]he evidence will show that Klimenka operated, or aided and abetted the operation of, BTC-e from in or around 2011, and shifted into a more active role by in or around 2013, continuing through BTC-e's seizure by law enforcement in July 2017." ECF No. 84. This near restatement of the timeframe in the indictment is not sufficient. It gives the defense no meaningful detail or clarification as to the "specific timeframe" that these acts occurred.

Though the government provided a document to the defense, it plainly fails to comply with what was directed by the Court. The lack of additional detail and information provides no clarification to Mr. Klimenka to adequately prepare his defense and does not demonstrate a good faith effort to comply. *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). We therefore respectfully request an order requiring the government to comply with the Court's November 19 Order and file an amended bill of particulars.

Dated: January 29, 2025

Respectfully submitted,

/s/

Julia Jayne

On behalf of all appearing counsel for the defense and,

Attorneys for ALIAKSANDR KLIMENKA